IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2009

**STATE OF TENNESSEE v. SEAN BRETT BROWDER**

**Appeal from the Circuit Court for Montgomery County**
**No. 40700927    John H. Gasaway, III, Judge**

_____

**No. M2008-00499-CCA-R3-CD - September 29, 2009**

_____

Appellant, Sean Brett Browder, was indicted for one count of theft over $10,000 and one count of theft over $500 by the Montgomery County Grand Jury. Appellant entered an open guilty plea to one count of theft of property over $1,000 and one count of theft of property over $500. At the conclusion of a sentencing hearing, the trial court sentenced Appellant to five years for the first count and three years for the second count to be served concurrently to each other in the Department of Correction. Appellant now argues on appeal that the trial court erred in imposing the length of sentence and in not ordering alternative sentencing. After a thorough review of the record, we conclude that there is no basis for reversal of the length of his sentence and there was adequate support for the denial of alternative sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Collier W. Goodlett, Assistant Public Defender, Clarksville, Tennessee, for the appellant, Sean Brett Browder.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; John Carney, District Attorney General, and John Finklea, Assistant District Attorney General; for the appellee, State of Tennessee.

**OPINION**

On May 30, 2007, Appellant stole a pick-up truck when the driver, who was delivering pizza, got out of the vehicle and left it running. Appellant got into the truck and drove away. The next day, the truck was found, and Appellant was sleeping in it. Appellant later admitted to stealing the truck and selling the laptop computer that had been in the truck.

In August 2007, the Montgomery County Grand Jury indicted Appellant for one count of theft over $10,000 and one count of theft over $500. On November 6, 2007, Appellant pled guilty in an open plea to one count of theft of property over $1,000 and one count of theft of property over $500. It was also determined at the guilty plea hearing that Appellant would be sentenced as a Range II multiple offender. The trial court held a sentencing hearing on February 7, 2008. At the conclusion of the hearing, the trial court sentenced Appellant to five years for theft of property over $1,000 and three years for theft of property over $500. The trial court ordered that the sentences be served concurrently to each other in the Department of Correction. Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in setting the length of his sentences above the minimum sentence in his range and in failing to order either probation or alternative sentencing for service of the sentences. The State disagrees with both contentions.

## Length of Sentence

At the sentencing hearing, the trial court applied one enhancement factor, that Appellant had a history of convictions in addition to those necessary to establish the appropriate range, Tennessee Code Annotated section 40-35-114(1), and one mitigating factor, that the criminal conduct neither caused nor threatened serious bodily injury, Tennessee Code Annotated section 40-35-113(1). Appellant argues that the enhancement and mitigating factors should have balanced each other out resulting in the minimum sentence in the range.

"When reviewing sentencing issues . . . , the appellate court shall conduct a *de novo* review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct

involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

[T]he court shall consider, but is not bound by, the following *advisory* sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (emphasis added). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

We have reviewed the sentencing hearing. The trial court imposed the sentences in question "in a manner consistent with the purposes and principles" set out in the sentencing statutes. Appellant's argument as to length of the sentences is based upon his contention that the trial court gave improper weight to the enhancement and mitigating factors. As stated above, the weight given by the trial court to the enhancement and mitigating factors is left to the trial court's discretion. *Id.* Therefore, there is no basis upon which to reverse Appellant's sentences.

This issue is without merit.

**Alternative Sentencing**

Appellant also argues that the trial court should have ordered probation or alternative sentencing for him. With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline." T.C.A. § 40-35-102(6); *see also Carter*, 254 S.W.3d at 347. Furthermore, with regard to probation, a defendant whose sentence is ten years or less is eligible for probation. T.C.A. § 40-35-303(a).

However, all offenders who meet the criteria for alternative sentencing are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

T.C.A. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

Appellant herein pled guilty to one count of theft of property over $1,000, a Class D felony, and one count of theft of property over $500, a Class E felony. He was also sentenced to less than ten years. Therefore, he is eligible for alternative sentencing including probation. *See* T.C.A. §§ 40-35-102(6) & -303(a). However, because Appellant was sentenced as a Range II multiple offender, he does not qualify for favorable status consideration with regard to determination of the imposition of an alternative sentence. *See* T.C.A. § 40-35-102(6); *Carter*, 254 S.W.3d at 347.

In addition to not qualifying for favorable status, the presentence report shows that Appellant was on community corrections at the time he committed the offense in question. The presentence report also shows that Appellant has been on probation several times in the past, and he has had his probation revoked five times, the most recent revocation being 2003. Clearly, his history of failed probation attempts supports a denial of alternative sentencing. *See* T.C.A. §40-35-102(6)(C).

We have reviewed the record on appeal and find that the trial court considered the sentencing principles and all pertinent facts in the case, therefore, there is a presumption of correctness in the findings of the trial court. There is ample support for the denial of probation or another form of alternative sentencing with regard to Appellant.

This issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE